**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION**

|  |  |
|---|---|
| **IN RE SEARCH OF THE REAL PROPERTY & PREMISES AT 313 SOUTH ROYAL STREET, ALEXANDRIA, VA** | Case No. 1:26-sw-00054 |

**UNOPPOSED MOTION OF THE REPORTERS COMMITTEE FOR FREEDOM OF THE PRESS FOR LEAVE TO FILE AMICUS CURIAE BRIEF IN SUPPORT OF MOVANTS THE WASHINGTON POST AND HANNAH NATANSON**

The Reporters Committee for Freedom of the Press ("Reporters Committee" or "amicus") respectfully moves for leave to file the accompanying *amicus curiae* brief in support of WP Company LLC d/b/a The Washington Post's and Hannah Natanson's (together, "Movants") Motion to Intervene and for Return of Property. *See* ECF No. 8. The United States and Movants do not oppose the Reporters Committee's request to file as *amicus*. The Reporters Committee waives oral hearing and consents to a determination upon this *amicus* motion without oral hearing pursuant to Local Criminal Rule 47(J), and the United States and Movants likewise consent to waive this hearing.

District courts have "broad discretion in deciding whether to allow a non-party to participate as an *amicus curiae*." *Tafas v. Dudas*, 511 F. Supp. 2d 652, 659 (E.D. Va. 2007). Participation by *amici curiae* has "been allowed at the trial level where they provide helpful analysis of the law [or] have a special interest in the subject matter of the suit," and where the proffered information is "timely and useful." *Id.* (quoting *Bryant v. Better Bus. Bureau of Greater Md., Inc.*, 923 F. Supp. 720, 728 (D. Md. 1996)). Such is the case here. The Reporters Committee is an unincorporated nonprofit association founded by leading journalists and media lawyers in

1

1970 when the nation's news media faced an unprecedented wave of government subpoenas forcing reporters to name confidential sources.  Today, its attorneys provide pro bono legal representation, *amicus curiae* support, and other legal resources to protect First Amendment freedoms and the newsgathering rights of journalists.

As an organization that advocates for the First Amendment and newsgathering rights of members of the news media, *amicus* has a strong interest in ensuring that search warrants are not obtained or executed in a manner that interferes with protected newsgathering and reporting.  The Reporters Committee also has unique expertise in the history and practice of federal investigations involving unauthorized disclosures to the news media, *see Federal Cases Involving Unauthorized Disclosures to the News Media, 1778 to the Present*, Reps. Comm. for Freedom of the Press (last updated Dec. 8, 2019), https://perma.cc/P482-CBT9, and has played a leading role in shaping federal policy on the use of search warrants and other investigative tools to seize the records of reporters and news organizations, *see New Justice Department Policy Marks 'Historic Shift' in Press Protection*, Reps. Comm. for Freedom of the Press (Oct. 26, 2022), https://perma.cc/SL7H-HQEV (describing the Reporters Committee's traditional role in coordinating dialogue between the U.S. Department of Justice and leading news organizations on the Department's "news media guidelines," which govern obtaining information from, or records of, members of the press).

Accordingly, the Reporters Committee often appears as *amicus* in federal courts to underline the effect of surveillance on the confidential reporter-source relationships that underpin so much public interest journalism.  *See, e.g.*, Br. of Amici Curiae Reps. Comm. for Freedom of the Press & 15 Media Orgs., *Tuggle v. United States*, 142 S. Ct. 1107 (2022) (No. 21-541), 2021 WL 5304268; Br. Amici Curiae of Reps. Comm. for Freedom of the Press & 19 Media Orgs., *Carpenter v. United States*, 138 S. Ct. 2206 (2018) (No. 16-402), 2017 WL 3530966; Br. of Reps.

Comm. for Freedom of the Press, Thomas Jefferson Ctr. for the Prot. of Free Expression & 17 Media Orgs. as Amici Curiae, *Wikimedia Found. v. Nat'l Sec. Agency*, 857 F.3d 193 (4th Cir. 2017) (No. 15-2560), 2016 WL 769518.  Here, the proffered *amicus* brief would aid the Court by providing broader historical context on the Justice Department's unprecedented decision to raid the home of a *Washington Post* reporter, along with the constitutional and statutory protections for press freedom now at stake in this case.

For the foregoing reasons, the Reporters Committee respectfully requests leave to file the attached brief.  A proposed order granting the instant motion is attached.

Dated: January 21, 2026     Respectfully submitted,

            */s/ Mara Gassmann*
            Mara Gassmann
            Va. Bar No. 82131
            REPORTERS COMMITTEE FOR
             FREEDOM OF THE PRESS
            1156 15th St. NW, Suite 1020
            Washington, DC 20005
            Phone: 202.795.9300
            Facsimile: 202.795.9310
            mgassmann@rcfp.org

            Lisa Zycherman
            Gabe Rottman
            Adam A. Marshall
            Grayson Clary
            REPORTERS COMMITTEE FOR
             FREEDOM OF THE PRESS
            1156 15th St. NW, Suite 1020
            Washington, DC 20005
            Phone: 202.795.9300
            Facsimile: 202.795.9310

            *Counsel for Amicus Curiae the Reporters*
            *Committee for Freedom of the Press*

3

**CERTIFICATE OF SERVICE**

I hereby certify that on January 21, 2026, I electronically filed the foregoing document with the clerk of the court for the U.S. District Court, Eastern District of Virginia, using the electronic case filing system of the court.

/s/ Mara Gassmann
Mara Gassmann, Va. Bar No. 82131

*Counsel for Amicus Curiae the Reporters Committee for Freedom of the Press*

4

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**ALEXANDRIA DIVISION**

|  |  |
|---|---|
| **IN RE SEARCH OF THE REAL PROPERTY & PREMISES AT 313 SOUTH ROYAL STREET ALEXANDRIA, VA** | Case  No. 1:26-sw-00054 |

**[PROPOSED] ORDER**

Upon consideration of the Motion for Leave to File Amicus Curiae Brief of the Reporters

Committee for Freedom of the Press in Support of The Washington Post's and Hannah

Natanson's Motion to Intervene and for Return of Property, it is hereby

ORDERED as follows:

1.  The Motion for Leave is GRANTED; and further,

2.  The proposed Brief of Amicus Curiae the Reporters Committee for Freedom of the Press

    be and is filed in the above-captioned action.

SO ORDERED this _____ day of _____, 2026

_____
HON. WILLIAM B. PORTER
United States Magistrate Judge